MGD

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Amaro, | No. CV14-02302-PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Plaintiff Oscar Amaro, who is currently confined in the Arizona State Prison Complex (ASPC)-Lewis, filed this pro se civil rights action under 42 U.S.C. § 1983. (Doc. 18.) In an Order dated September 9, 2016, the Court denied Defendant Joseph M. Arpaio's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. (Doc. 59.) Before the Court is Arpaio's Motion for Reconsideration of that Order. (Doc. 62.) The Court will deny the Motion.[1]

**I.     Background**

In his Second Amended Complaint (SAC), Amaro alleged that he was housed in protective segregation (PS) at ASPC-Lewis because he was on a New Mexican Mafia hit list. (Doc. 18 at 4-5.) On August 13, 2013, Amaro was transferred from ASPC-Lewis to the Maricopa County Fourth Avenue Jail. (*Id.* at 4.) Amaro asked to be housed in PS at the jail, but his request was denied, and he was housed in the general population. (*Id.* at 5.) On December 25, 2013, Amaro was attacked by several inmates and was injured.

---

[1] The Court did not direct Plaintiff to file a response. *See* LRCiv. 7.2(g)(2).

(*Id.* at 4-7.)   On screening, the Court determined that Amaro stated an Eighth Amendment threat-to-safety claim in Count III against Maricopa County Sheriff Arpaio based on a policy, practice, or custom.[2]  (Doc. 21 at 7.)

Arpaio moved for summary judgment on exhaustion, arguing in part that a grievance Amaro filed after the assault "was for being assaulted, not for a supposed refusal to grant him administrative segregation."[3]  (Doc. 38 at 7.)  Arpaio did not present the grievance Amaro filed after the assault, but Amaro did in his Response, and the Court found that the grievance filed by Amaro on December 26, 2013 addressed both the assault and the denial of Amaro's request for PS.  (Doc. 57 at 9 ¶ 9; Doc. 57 at 27; Doc. 59 at 9.)  Plaintiff also presented evidence that a Sergeant told him on January 23, 2014 to re-file the grievance, which he did that same day.  (Doc. 57 at 9 ¶ 11; Doc. 57 at 29 (Grievance #14-01398).)

The Court denied Arpaio's Motion for Summary Judgment, finding that Arpaio's evidence was insufficient to show that Amaro failed to exhaust his administrative remedies.  (Doc. 59 at 7.)  Alternatively, the Court found that Arpaio failed to rebut Amaro's evidence that he effectively exhausted his administrative remedies and that administrative remedies were unavailable once Amaro left the custody of the Maricopa County Sheriff's Office on January 28, 2014.  (*Id.* at 7-8.)

## II.   Governing Standard

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  A motion for reconsideration is appropriate where the district court "(1) is presented with newly

---

[2] The Court also determined that Plaintiff stated a threat-to-safety claim in Count I against two "Doe" Defendants, but did not order service on those unidentified Defendants.  (Doc. 21 at 7-8.)  The Court permitted Plaintiff to use the discovery process to try to obtain their names and then amend his SAC to add their names.  (*Id.*)  Plaintiff has not identified those Doe Defendants or sought to amend his SAC, and the time for doing so has passed.

[3] The parties appear to use the terms "protective segregation" and "administrative segregation" to mean the same thing.

discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

**III. Analysis**

Arpaio argues that the Court erred in concluding that Amaro's January 2014 grievance "was a timely grievance of his failure to be given protective segregation in August 2013." (Doc. 62 at 1.) Arpaio contends that his Motion for Summary Judgment "emphasized that Plaintiff's grievance failure was in August 2013." (*Id.* at 4.) Arpaio argues that Plaintiff's "failure to grieve events in December 2013 or January 2014 are irrelevant to Plaintiff's lawsuit." (*Id*. at 2.)

This is the first time Arpaio has presented these arguments, especially that Amaro needed to file a grievance in August 2013 over the denial of PS. It is inappropriate to raise these issues in a motion for reconsideration. *See Kona Enters., Inc*., 229 F.3d at 890.

In his Motion for Summary Judgment, Arpaio made two arguments. The first was that Amaro, "by his own admission, failed to exhaust his administrative remedies." (Doc. 38 at 7.) Arpaio did not cite any evidence of this supposed admission, but now explains that Amaro's "admission" was Amaro's failure to allege in his SAC that "he exhausted his grievance process." (Doc. 62 at 4.) Even if Arpaio had cited to Amaro's SAC in his Motion for Summary Judgment, this argument is unavailing because

1 exhaustion is an affirmative defense and a plaintiff "is not required to say anything about
2 exhaustion in his complaint."  *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014.)
3 Arpaio's second argument related to two grievances Amaro filed while in jail.  One
4 grievance was about an unrelated medication billing issue, and the other, according to
5 Arpaio, "was for being assaulted, not for a supposed refusal to grant [Amaro]
6 administrative segregation."  (Doc. 38 at 7.)  As noted, the Court disagreed and found
7 that this second grievance "clearly relates to both the assault and [Amaro's] prior request
8 for protective segregation."  (Doc. 59 at 9.)

Nor did Arpaio's Reply to his Motion for Summary argue that Amaro failed to present a timely grievance in August 2013 over the request for PS.  The Reply argued that "[t]here are two ways in which Plaintiff did not exhaust his administrative rights." (Doc. 58 at 1.)  First, "[t]he official records show only the September 2013 grievance about medical costs, and the January 2014 grievance that is untimely by a month." (Doc. 58 at 2.)  Second, Amaro "did not appeal his failure to get a response [to the second grievance] within seven days as required by the rules, thus affirming that he did not exhaust his remedies."  (*Id*. at 1-2.)  Neither of these arguments asserted that Amaro was required to file a grievance in August 2013 over the denial of his PS request.[4]  Even Arpaio's new argument in his Reply, which the Court did not consider, failed to assert that Amaro needed to file a grievance in August 2013.  Arpaio argued only that Amaro "judicially admitted" that his grievance signed on January 23, 2014 was "the only grievance regarding 'refusal of administrative segregation' that [Amaro] filed while in jail," and that it "was filed about a month beyond the appropriate deadline." (*Id*. at 4;

---

[4] As to Arpaio's argument that Amaro did not file an appeal within seven days of not receiving a response, the Court noted that Arpaio did not cite any rule requiring an inmate to appeal the failure to receive a grievance response within seven days, and the Court did not locate such a rule in Arpaio's evidence.  (Doc. 59 at 10.)  Upon further consideration, the Court observes that Amaro was not even required to appeal the denial of his PS request because he was granted PS on December 27, 2013, the day after he filed his initial grievance.  *See Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010) ("An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies.")

- 4 -

Doc. 58-1 at 3.) This argument implies that Amaro was supposed to file a grievance on his PS request sometime in mid-December 2013, not in August 2013, as Arpaio now contends.

Because Arpaio cannot raise arguments now that he could have raised, but failed to raise, in his Motion for Summary Judgment, the Court will deny his Motion for Reconsideration.

**IT IS ORDERED** that Defendant Arpaio's Motion for Reconsideration (Doc. 62) is **denied**.

Dated this 26th day of September, 2016.

_____
David G. Campbell
United States District Judge